UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBIN LEPARD,**

       **Plaintiff,**

                                       Case No. 00-72296

v.

                                       HONORABLE DENISE PAGE HOOD

**NBD BANK, Div. Bank One,** *et. al.*,

       **Defendants.**

                                /

## ORDER AFFIRMING MAGISTRATE JUDGE'S OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Steven D. Pepe's Opinion and Order Denying Plaintiff's Motion to Reopen Case, dated August 30, 2006. Plaintiff filed Objections on September 15, 2006 and a Supplement to Objections on September 18, 2006. Defendant NBD Bank, Div. Bank One filed a Response in Opposition to Plaintiff's Objections on September 20, 2006. Defendant Walter O. Koch filed a Response to Plaintiff's Objections on September 20, 2006.

**II.    STATEMENT OF FACTS**

On May 19, 2000, Plaintiff filed suit alleging wrongdoing by Defendants in trust administration and the distribution of assets from the estates of the Plaintiff's parents, now deceased.[1] Defendant NBD Bank, Div. Bank One was a co-trustee of a trust created by

---

[1] Plaintiff subsequently filed amended complaints, filing her Final Amended Complaint on July 17, 2001.

1

Plaintiff's father, Dr. Cecil Lepard, in 1975. Defendants Jeremy and Patricia Lepard (husband and wife) are Plaintiff's half-brother and sister-in-law. Defendant Walter Koch (an attorney) drafted the trusts at issue and, at one time, represented Plaintiff's deceased parents, Cecil and Elizabeth Lepard. Plaintiff received a $40,000 a year allowance from her mother which was funded by an annuity. When the allowance terminated, Plaintiff was informed by G. Miller, the agent handling the annuity, that the funds from the annuity were depleted. (Second Suppl. Mem. at 7). Plaintiff later discovered new evidence, consisting of an alternate source from which her yearly allowance could have been paid. Plaintiff argues that she did not discover this information until it was mentioned in Defendants Jeremy and Patricia Lepard's brief to the Sixth Circuit in May of 2003. The information found in the brief was later confirmed by G. Miller.

Plaintiff alleged counts of: (1) wastage; (2) alienation of affection; (3) intentional mental distress; (4) slander and defamation; (5) discrimination; (6) extortion and theft; (7) malpractice by an attorney; (8) breach of fiduciary duty; (9) theft and undue influence resulting in theft; and (10) breach of fiduciary duty and abuse of discretion.[2] Plaintiff's claims were dismissed with prejudice by Judge George E. Woods on February 11, 2002.[3] [Order of Dismissal, Docket No. 77] The Judgment of the District Court was affirmed by the Sixth Circuit in an Opinion dated September 16, 2004. *Lepard v. NBD Bank, et al.*, 384 F.3d 232 (6th Cir. 2004).

---

[2] The Counts are asserted against the Defendants as follows: Counts 1-4 & 6 all Defendants; Count 5 Defendants NBD and Koch; Count 7 Defendant Koch; Count 8 Defendant NBD; Counts 9&10 Defendants Jeremy and Patricia Lepard.

[3] This case was originally assigned to the docket of District Court Judge George E. Woods and following his retirement, it was reassigned to District Court Judge Denise Page Hood.

## III. STANDARD OF REVIEW

### A. Objections to Magistrate Judge's Order

The decision and order of a non-dispositive motion by the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must be made within ten days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. *See Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995). The Magistrate Judge's decision on a dispositive motion will be reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); *Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 515 (6th Cir. 2001).

### B. Federal Rule of Civil Procedure 60(b)

Plaintiff asks the Court to review her Motion to Re-Open Case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) enumerates six conditions upon which a party

may be relieved from final judgments or orders. Rule 60(b) provides:

> On motion and upon such terns as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff requests relief pursuant to Fed.R.Civ.P. Rule 60(b)(2). Rule 60(b) provides that motions under subsections (4), (5), and (6) of Rule 60(b) shall be made "within a reasonable time." Fed.R.Civ.P. Rule 60(b). For subsections (1), (2), and (3), motions shall be filed no later than one year after the entry of judgment. Fed.R.Civ.P. Rule 60(b). The Court lacks the power to hear motions under subsections (1), (2), and (3) beyond one year. *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir. 1991).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Motion to Reopen Case

Magistrate Judge Pepe denied Plaintiff's Motion to Reopen Case. Specifically, Magistrate Judge Pepe found that Plaintiff failed to show whether new evidence would have changed the outcome of the case; that with due diligence she could not have discovered the newly discovered evidence; and why her motion should not be barred as untimely.

A party seeking to reopen a case pursuant to Rule 60(b)(2) must establish that: (1) the newly discovered evidence was material, (2) it could not have been discovered earlier with due diligence, and (3) it would have produced a different result if it had been presented before judgment. *DRG,*

*Inc. v. Talent Tree, Inc.,* 119 Fed.Appx. 702 (6th Cir. 2004)(citing *Good v. Ohio Edison.,* 149 F.3d 413, 423 (6th Cir. 1998). A party must also establish that the motion to reopen was timely filed.

Magistrate Judge Pepe found that Plaintiff failed to establish that the newly discovered evidence would have changed the outcome of the case, stating, "[n]othing in any of Plaintiff's motions, briefs, or narrative and supplements provides an answer to the question of whether this new evidence would have change the outcome of this case." Opinion and Order Denying Plaintiff's Motion to Reopen Case, at 12. Specifically, Magistrate Judge Pepe found that none of Plaintiff's original claims, which were dismissed on various grounds, could be revived based on the new evidence. In her Objections, Plaintiff does not address the Magistrate Judge's assertion or provide any evidence to the contrary. (Objection to Order Denying Pl.'s Mot.).

Magistrate Judge Pepe found that Plaintiff failed to show that the new evidence could not have been discovered earlier with due diligence. Magistrate Judge Pepe found that Plaintiff's explanation of the way in which she discovered the new evidence actually suggests that it could have, with due diligence, been discovered earlier. *See* Opinion and Order Denying Plaintiff's Motion to Reopen Case, at 12-13.

Magistrate Judge Pepe concluded, and this Court concurs, that Plaintiff's Motion was untimely filed. Federal Rule of Civil Procedure 60(b) states that a party's motion for relief from judgment based upon newly discovered evidence shall be made "not more than a year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. Rule 60(b). Plaintiff filed various Motions that refer to the newly discovered evidence.[4] Magistrate Judge Pepe found that,

---

[4] On June 16, 2003, Plaintiff filed a Motion to Reopen Case [Docket No. 110]; on October 27, 2005, Plaintiff filed a Motion to Reopen Case and Request for Guidance [Docket No. 122]; on February 23, 2006, Plaintiff filed a Supplemental Brief re Motion to Reopen Case [Docket No.

regardless of which document is considered Plaintiff's Motion to Reopen, it is untimely filed. Plaintiff acknowledges that the one year period has lapsed but argues that the Court "did not consider that the one year limitation does not extend to a fraud upon the Court." (Pl.'s Obj. at 2). Plaintiff further argues that because of the fraud, "there are no formal requirements," as to the one year limitation. *Id.* Plaintiff has not provided the Court with case law to support this interpretation of Rule 60(b). As the Court does not have the authority to consider a Rule 60(b)(1), (2), or (3) motion beyond the one year statute of limitations, Plaintiff's claim is untimely. *McDowell* at 384.

The Court finds that Magistrate Judge Pepe reached the correct conclusions with respect to Plaintiff's Motion to Reopen Case and the Opinion and Order is AFFIRMED.

**B.     Injunction**

Defendant NDB Bank asks the Court to issue an injunction enjoining the Plaintiff from filing any future pleadings regarding the subject matter at issue without first obtaining the Court's permission. *See Feathers v. Chevron, U.S.C., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); Def., NBD Bank's Br. in Opp. to Pl.'s Objection at 6-7. Although it may be appropriate, under certain circumstances, to impose prefiling restrictions on a plaintiff with a history of repetitive filings, the Court does not find the instant case warrants such relief. Defendant NDB Bank's request for an injunction is DENIED.

---

142] and; on March 31, 2006, Plaintiff filed a Second Supplemental Memorandum in Support of Motion to Reopen Case [Docket No. 146].

Accordingly,

IT IS ORDERED that Magistrate Judge Steven D. Pepe's Opinion and Order Denying Plaintiff's Motion to Reopen Case [Docket No. 152, filed August 30, 2006] is AFFIRMED.

IT IS FURTHER ORDERED that Defendant NDB Bank's request for an injunction is DENIED.

                                                      s/ DENISE PAGE HOOD
                                                      DENISE PAGE HOOD
                                                      United States District Judge

DATED: June 5, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2007, by electronic and/or ordinary mail.

                                                       S/William F. Lewis
                                                     Case Manager